KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre William Armstrong, | No. CV 13-1421-PHX-DGC (BSB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Tyrone Mitchell, et al., | |
| Defendants. | |

Plaintiff Andre William Armstrong, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 2), a Motion to Appoint Guardian Ad Litem (Doc. 5), Requests to Produce Documents (Docs. 6-8), and a Motion for Extension of Time for Service (Doc. 9). The Court will dismiss this action and deny as moot the pending motions.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $10.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend, because the defects cannot be corrected.

**III.   Complaint**

Plaintiff names Attorney Tyrone Mitchell and Supervisor of the Office of Public Defense Services James Logon as Defendants in the Complaint.

Plaintiff raises three claims for relief. In Count One, Plaintiff alleges his rights under the Arizona Constitution were violated when Defendant Mitchell "ignored [him] and did not let the judge know [Plaintiff's] side of the story as to why [he] got taken into custody, [Defendant] did not adequately represent [Plaintiff] he was fully aware of [Plaintiff's] disability, which prevents [him] from focusing, communicating and comprehending anything around all of those people in the court room."

In Count Two, Plaintiff claims his Sixth Amendment rights and rights under the Arizona Constitution were violated when Plaintiff did not attend a scheduled court hearing. Plaintiff claims Defendant Mitchell "did not do anything about [Plaintiff's] right to appear at court which is a clear violation of the AZ constitution." Plaintiff also claims that Defendant Mitchell did not talk to him before a July 2, 2013 hearing.

In Count Three, Plaintiff claims his Sixth Amendment rights and rights under the Arizona Constitution are violated because the Office of Public Defense Service "allowed Tyrone Mitchell to deprive [Plaintiff] of life and liberty." Plaintiff claims that "they ignore [him] when he calls the office" and that his attorney never visits him.

Plaintiff seeks "all relief possible."

**IV.    Failure to State a Claim**

A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law. Whether an attorney representing a criminal defendant is a public defender or court-appointed counsel, he or she does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981). Accordingly, Plaintiff has failed to state a § 1983 claim because he has not named a state actor as defendant.

Moreover, because Plaintiff's state criminal proceedings are ongoing, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents this Court from directly interfering with ongoing criminal proceedings in state court. If relief is available to Plaintiff in connection with these proceedings, it lies in the state court. When Plaintiff's state court criminal proceedings have concluded, Plaintiff may seek relief in federal court for any denial of the right to effective representation through a petition for writ of habeas corpus. However, Plaintiff should note that federal courts will not entertain a habeas petition until Plaintiff has exhausted his state court remedies. *Rose v. Lundy*, 455 U.S. 509 (1982). Any claim for damages will be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), unless Plaintiff can demonstrate his conviction has previously been reversed or otherwise invalidated, because such a judgment in favor of Plaintiff on these issues would necessarily imply the invalidity of his conviction or sentence.

**V.    Dismissal without Leave to Amend**

The Court finds that Plaintiff's claims cannot be cured by the the allegation of additional facts and will therefore dismiss the Complaint without leave to amend. *Lopez*, 203 F.3d at 1127 (leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts").

**VI.    Requests to Produce Documents and Motion for Extension of Time**

On August 2, 2013, Plaintiff filed three Requests to Produce Documents (Docs. 6, 7, and 8). Because the Court will dismiss this action, the Court will deny the Requests as

moot.

On January 2, 2014, Plaintiff filed a Motion for Extension of Time for Service (Doc. 9). Again, because the Court will dismiss this action, Plaintiff's Motion is moot and will be denied.

**VII.   Motion to Appoint Guardian Ad Litem**

On August 2, 2013, Plaintiff filed a Motion to Appoint Guardian Ad Litem (Doc. 5) in which he asks that the Court appoint a guardian ad litem for him in this case because he is mentally incompetent.

Rule 17(c)(2) of the Federal Rule of Civil Procedure requires the Court to take measures to protect an incompetent person during litigation. Whether to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court and may be reviewed only for abuse of that discretion." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).

Plaintiff's criminal court records indicate that he is mentally incompetent. Consideration of whether to appoint a guardian ad litem is warranted under Rule 17 of the Federal Rules of Civil Procedure. However, because Plaintiff has failed to state a claim and cannot do so, the Court finds that appointment of a guardian ad litem in this action is not necessary. *See Ingram v. City of San Francisco,* 2012 WL 3257805 (N.D. Cal. 2012) (declining to appoint a guardian ad litem where plaintiff failed to raise meritorious claims); *Perri v. Obama,* 2011 WL 685826, *3 (E.D.N.Y. 2011) (appointment of a guardian ad litem would be futile where it appears that no guardian could save plaintiff's claims from dismissal); *M.F. ex rel. Branson v. Malott*, 2012 WL 1950274, *7 (S.D. Ohio 2012) (appointment of a guardian ad litem would serve no useful purpose because it appears that no guardian ad litem could save the complaint from dismissal); *see also Mandeville v. Wertheimer,* 2002 WL 432689 (S.D.N.Y. 2002) ("When considering the appointment of a guardian ad litem, the Court while seeking to protect a litigant's interests, must also be mindful of its obligation to avoid any potential

waste of judicial resources through the unnecessary appointment of a guardian ad litem.").

The Court also finds that because Plaintiff has been adjudicated mentally incompetent in state court, it is unclear whether Plaintiff understands the financial implications of filing a lawsuit in this Court. The Court will therefore deny Plaintiff's Application to Proceed *In Forma Pauperis* and will not assess a filing fee for this case.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $10.00.

(3) The Complaint (Doc. 1) is **dismissed without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) Plaintiff's Motion to Appoint Guardian Ad Litem (Doc. 5) is **denied**.

(5) Plaintiff's August 2, 2013 Requests to Produce Documents (Docs. 6, 7, and 8) are **denied**.

(6) Plaintiff's January 2, 2014 Motion for Extension of Time for Service (Doc. 9) is **denied**.

(7) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 5th day of February, 2014.

*Daniel G. Campbell*
David G. Campbell
United States District Judge